IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian,
and Next Friend of MADELINE KAHN,
a Minor Child,

      Plaintiff,

v.                                                                    Civil Action File No: 19EV003459

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ
CORPORATION 1-3, and JOHN DOES
13,

      Defendants.

**ALL PLEADINGS FILED**

EXHIBIT A

**General Civil and Domestic Relations Case Filing Information Form**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 63497726
Date: Jul 01 2019 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

☐ Superior or ☑ State Court of ___FULTON___ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**

KAHN, ALLISON   as Parent,
Last        First        Middle I.    Suffix   Prefix
Guardian, and Next friend
Last        First        Middle I.    Suffix   Prefix
of KAHN, MADELINE,
Last        First        Middle I.    Suffix   Prefix
a Minor child
Last        First        Middle I.    Suffix   Prefix

**Defendant(s)**

UNION FOR REFORM JUDAISM
Last        First        Middle I.    Suffix   Prefix
TEMPLE EMANU-EL   OF GREATER
Last        First        Middle I.    Suffix   Prefix ATLANTA
XYZ CORPORATION 1-3
Last        First        Middle I.    Suffix   Prefix
JOHN DOE 1-3
Last        First        Middle I.    Suffix   Prefix

Plaintiff's Attorney  KYLE A. FERENCE   Bar Number  683043   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number            Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

9-18

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
***EFILED***

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

File & ServeXpress
Transaction ID: 63497726
Date: Jul 01 2019 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

ALLISON KAHN as Parent,
Guardian and Next Friend
of MADELINE KAHN, a Minor
Child

Plaintiff's Name, Address, City, State, Zip Code

vs.
DEFENDANT  UNION FOR REFORM JUDASM

CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY
SUITE 125   Columbus, OHIO
Defendant's Name, Address, City, State, Zip Code  43219

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _THE FRY LAW FIRM_

Address: _1720 PEACHTREE ST NW SUITE 500_

City, State, Zip Code: _ATLANTA, GA 30309_   Phone No.: _404-969-1284_

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

FRANKLIN COUNTY SHERIFF
2019 AUG -1  AM 7:18

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 63497726
Date: Jul 01 2019 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child,

        Plaintiff,

v.

UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOES 1-3,

        Defendants.

CIVIL ACTION FILE

NO. _____

(JURY TRIAL DEMANDED)

### COMPLAINT

COMES NOW ALLSION KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child (hereinafter "Plaintiff") in the above-styled action, by and through undersigned counsel, and files this Complaint against Defendants UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOE 1-3, showing this Honorable Court as follows:

### PARTIES, JURISDICTION, & VENUE

### (1)

Defendant UNION FOR REFORM JUDAISM (hereinafter "Defendant URJ") is an Ohio corporation with its principal place of business located at 633 Third Avenue, New York, New York, 10017. Service upon Defendant URJ may be perfected through its registered agent, CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. In the alternative, Defendant URJ has failed to either maintain a registered office or to appoint a

Page 1 of 9

Copy from re:SearchGA

registered agent for service in the State of Georgia and, as such, Defendant URJ may be served in accordance with O.C.G.A. § 9-11-4(e)(1)(A). Jurisdiction and venue are appropriate in this Court as to Defendant URJ.

(2)

Defendant TEMPLE EMANU-EL OF GREATER ATLANTA, INC. (hereinafter "Defendant TEMPLE EMANU-EL") is a domestic corporation with its principal place of business located at 1580 Spalding Drive, Atlanta, Georgia 30350, is authorized to transact business in the State of Georgia, and is subject to the jurisdiction of this Court. Service upon Defendant TEMPLE EMANU-EL may be perfected through its registered agent, George M. Fox, located at 4788 Long Island Drive NE, Atlanta, Georgia 30342. Jurisdiction and venue are appropriate in this Court as to Defendant TEMPLE EMANU-EL.

(3)

The above-styled action stems from an incident that took place on premises owned, operated, and/or controlled by Defendant URJ and Defendant TEMPLE EMANU-EL. Should it be determined that another corporation or entity owned, operated, and/or controlled said premises at the time of the subject incident, Plaintiff hereby names Defendants XYZ CORPORATION 1-3. The identity of Defendants XYZ CORPORATION 1-3 is presently unknown.

(4)

The above-styled action stems from an incident involving certain individuals whose individual or collective negligence gave rise to the injuries and damages described herein. As the identity of said individual(s) is presently unknown, Plaintiff hereby names Defendants JOHN DOE 1-3.

Copy from re:SearchGA

## FACTUAL BACKGROUND

### (5)

On or about July 3, 2017, Plaintiff's minor child, MADELINE KAHN (hereinafter the "Minor Child"), was attending a summer camp located at 201 Camp Coleman Drive, Cleveland, Georgia 30528.

### (6)

On or about July 3, 2017, the premises of the aforementioned summer camp were owned, operated, and/or controlled by Defendant URJ and Defendant TEMPLE EMANU-EL.

### (7)

On or about July 3, 2017, the Minor Child was an invitee at the aforementioned summer camp. As such, Defendant URJ and Defendant TEMPLE EMANU-EL owed a duty of care to Plaintiff and the Minor Child.

### (8)

On or about July 3, 2017, an unknown individual was responsible for training and supervising the Minor Child with respect to a mountain biking activity at the summer camp. Leading up to, and at the time of, the subject incident, said individual was acting within the course and scope of his employment with Defendant URJ and/or Defendant TEMPLE EMANU-EL. As a result, Defendant URJ and/or Defendant TEMPLE EMANU-EL are vicariously liable for the negligence acts of said individual pursuant to the doctrine of *respondeat superior*.

Copy from re:SearchGA

(9)

On or about July 3, 2017, the Minor Child, while in the care of Defendant URJ and Defendant TEMPLE EMANU-EL, was permitted to operate a mountain bike on dangerous terrain without first being adequately trained, tested, and fit for such an activity.

(10)

Upon information and belief, Defendant URJ and Defendant TEMPLE EMANU-EL had actual and/or constructive knowledge of the inherent risks associated with the Minor Child being permitted to operate a mountain bike at the location where the incident occurred.

(11)

On or about July 3, 2017, as a result of the negligence of Defendant URJ and Defendant TEMPLE EMANU-EL, the Minor Child sustained severe physical and emotional injuries when the mountain bike she was operating careened down a steep hill, resulting in a violent crash.

(12)

As a direct and proximate result of Defendant URJ's and Defendant TEMPLE EMANU-EL's negligence, the Minor Child has incurred special damages which include, but which may not be limited to, past and future medical expenses, mileage, and other miscellaneous expenses.

(13)

As a direct and proximate result of Defendant URJ's and Defendant TEMPLE EMANU-EL's negligence, the Minor Child has incurred general damages, including, but not limited to, pain and suffering, mental anguish, and emotional distress.

Copy from re:SearchGA

## COUNT 1 – NEGLIGENCE

### (14)

Plaintiff incorporates by reference Paragraphs 1 through 13 of her Complaint as if explicitly re-stated herein.

### (15)

At all relevant times, the premises of the summer camp located at 201 Camp Coleman Drive, Cleveland, Georgia 30528 were owned, operated, and/or controlled by Defendant URJ and Defendant TEMPLE EMANU-EL.

### (16)

Defendant URJ's and Defendant TEMPLE EMANU-EL's negligent acts and/or omissions include, but are not limited to, the following:

(a) Failing to adequately train the Minor Child with respect to mountain biking prior to permitting the Minor Child to operate a mountain bike upon dangerous terrain;

(b) Permitting the Minor Child to operate a mountain bike on terrain that they knew, or should have known, represented a hazardous condition to someone of the Minor Child's age, experience, and skillset; and

(c) Failing to take precautions, including, but not limited to, erecting safety barriers at the location where the subject incident occurred, despite prior actual and/or constructive knowledge of the extant hazardous conditions.

Copy from re:SearchGA

(17)

As a direct and proximate result of Defendant URJ's and Defendant TEMPLE EMANU-EL's negligence, the Minor Child has incurred special damages which include, but which may not be limited to, past and future medical expenses, mileage, and other miscellaneous expenses.

(18)

As a direct and proximate result of Defendant URJ's and Defendant TEMPLE EMANU-EL's negligence, the Minor Child has incurred general damages, including, but not limited to, pain and suffering, mental anguish, and emotional distress.

<u>COUNT 2 – NEGLIGENT HIRING, TRAINING, and RETENTION</u>

(19)

Plaintiff incorporates by reference Paragraphs 1 through 18 of her Complaint as if explicitly re-stated herein.

(20)

Defendant URJ and Defendant TEMPLE EMANU-EL were negligent in hiring the aforementioned individual and entrusting him to train and supervise the Minor Child with respect to mountain biking activities.

(21)

Defendant URJ and Defendant TEMPLE EMANU-EL were negligent in failing to properly train the aforementioned individual with respect to supervising and caring for persons with the age, experience, and skillset of the Minor Child.

Copy from re:SearchGA

(22)

Defendant URJ and Defendant TEMPLE EMANU-EL were negligent in failing to discharge the aforementioned individual prior to the subject incident involving the Minor Child.

(23)

Defendant URJ and Defendant TEMPLE EMANU-EL were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of its invitees, including the Minor Child.

(24)

Defendant URJ's and Defendant TEMPLE EMANU-EL's negligence in hiring the aforementioned individual, entrusting him/her with the care and supervision of the Minor Child, and failing to properly train and supervise him/her proximately caused the Minor Child's injuries and damages.

(25)

As a direct and proximate result of Defendant URJ's and Defendant TEMPLE EMANU-EL's negligence, the Minor Child has incurred special damages which include, but which may not be limited to, past and future medical expenses, mileage, and other miscellaneous expenses.

(26)

As a direct and proximate result of Defendant URJ's and Defendant TEMPLE EMANU-EL's negligence, the Minor Child has incurred general damages, including, but not limited to, pain and suffering, mental anguish, and emotional distress.

Copy from re:SearchGA

## COUNT 3 – ATTORNEY'S FEES AND EXPENSES

(27)

Plaintiff incorporates by reference Paragraphs 1 through 26 of her Complaint as if explicitly re-stated herein.

(28)

Defendants' actions have exhibited bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as pursuant any other applicable statutory or common law basis.

WHEREFORE, Plaintiff prays that this Honorable Court award the following relief against Defendants:

(A) That process be issued;

(B) That reasonable damages be granted to Plaintiff and against Defendants for past, present, and future general and special damages;

(C) That Plaintiff recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as pursuant to any other applicable statutory or common law basis;

(D) That all costs of this action be cast against Defendants; and

(E) Such further relief as the Court deems just and proper.

*(signature on the following page)*

Copy from re:SearchGA

Respectfully submitted, this _ 1ˢᵗ day of July, 2019.

**THE FRY LAW FIRM**

_____
KYLE A. FERENCE, ESQ.
State Bar of Georgia #683043
RISHI D. PATTNI, ESQ.
State Bar of Georgia #995396

1720 Peachtree Street NW, Suite 500
Atlanta, Georgia 30309
(404) 969-1284
kyle@thefrylawfirm.com
*Attorneys for Plaintiff*

Copy from re:SearchGA

9-18

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
***EFILED***

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

File & ServeXpress
Transaction ID: 63497726
Date: Jul 01 2019 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

ALLISON KAHN as Parent,
Guardian and Next Friend
of MADELINE KAHN, a Minor
Child

Plaintiff's Name, Address, City, State, Zip Code

vs.

DEFENDANT   UNION FOR REFORM JUDASM

CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY
SUITE 125   Columbus, OHIO

Defendant's Name, Address, City, State, Zip Code   43219

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

**TO THE ABOVE NAMED-DEFENDANT:**

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _THE FRY LAW FIRM_

Address: _1720 PEACHTREE ST NW SUITE 500_

City, State, Zip Code: _ATLANTA, GA 30309_   Phone No.: _404-969-1384_

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

*(vertical text, right margin:)* 2019 AUG -1 AM 7:18   FRANKLIN COUNTY SHERIFF

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 63546698
Case Number: 19EV003459
Date: Jul 15 2019 02:17PM
LeNora Ponzo, Chief Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

**ALLISON KAHN, as Parent, Guardian, and
Next Child of MADELINE KAHN, a Minor
Child,**

      **Plaintiff,**

v.

**UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION 1-3,
and JOHN DOES 1-3,**

      **Defendant.**

**CIVIL ACTION
FILE NO. 19EV003459**

## AFFIDAVIT OF SERVICE

COMES NOW, RANDAL GEORGE, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States, he is over the age of eighteen (18), he is not a party to the suit, he is not a relative to any party in the suit, he is not a convicted felon, he is not the attorney for any party in the suit, he has no financial interest in the litigation, and he is wholly disinterested in the litigation.

Randal George states that he served **TEMPLE EMANU-EL OF GREATER ATLANTA, INC.** on July 8, 2019 at 3:46 PM at 4788 Long Island Drive NE, Atlanta, Georgia 30342, by serving its registered agent, George M. Fox, with:

SUMMONS and COMPLAINT.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this July 10, 2019

RANDAL GEORGE
1217 Woodland Avenue, N.E., #5
Atlanta, GA 30324
(404) 840-2822

NOTARY PUBLIC
Sworn to and subscribed before me
this July 10, 2019
My commission expires:

tflf/bg

ALLISON YOUNG
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
My Commission Expires 01/15/2023





STATE COURT OF FULTON COUNTY   19EX000001

STATE OF GEORGIA

Administrative Order #: _____

FILED IN OFFICE

JAN 1 0 2019

DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

STATE COURT OF FULTON COUNTY
ATLANTA GEORGIA

**ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS**

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA T.
ALVAREZ, JEFFREY F.
ANDERSON, WILLIAM J.
ANDREWS II, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA M.
BAKER, WANDA N.
BARNEY JR., STEVEN M.
BARRY, PAUL E.
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD D.
BENJAMIN, TERRI T.
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG P.
BRILEY, DONNIE C.
BRYANT, SHEMIKA R.
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CARITHERS, GREGORY A.
CHASTAIN, MICHAEL A.
CLEMMONS, JOYCE Y.
CLINE, TRAVIS D.
COOK, CHRISTOPHER L.
CUNNINGHAM, SALLY K.
DAMBACH-CIRKO, PATRICIAJOYCE M.
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY D.
DAVIDSON, MITCHELL T.
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
EARTHRISE, ROCHELLE D.
ECHOLS, ERIC D.
ECHOLS, PATRICIA I.
EDWARDS, DONNIE L.
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA V.
FAZZIO, DEE L.

FAZZIO, DEE L.
FERRERO, AMY L.
FISHER, DAWN W.
FITZGERALD, FLORETTA
FOGLE, JOHNNY C.
FOLDS, CATHERINA P.
FOLDS, GEORGE L.
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS W.
GAYLE, EARL
GEORGE, RANDAL L.
GIBBS III., THOMAS D.
GREENWAY, KIMBERLY D.
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, MARCUS C.
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD P.
HIGHSMITH, AMOS M.
HIGHTOWER SR., ANTHONIO E.
HILL, HOLLIS J.
HINDSMAN, CHERROD T.
HORTON, CHRISTOPHER T.
HOWARD, RICKY D.
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER A.
JAMES, FRANK H.
JOHNSON, EARL C.
KAHSSU, HAILE T.
KENNEDY, RICHARD P.
KIDD, ELIZABETH A.
KIM, LEONARD S.
KING, AMOS
KIRKLAND, SHIRLEY P.
KOTLAR, MICHAEL J.
LANE, MADELINE A.
LAUSMAN, MARSHA C.
LAYTON, ERIC B.
LETTS, WILLIAM E.

LEWIS, KEVIN J.
LOBIN, JEROME W.
LOUIS, CLYDE A.
LUTWACK, WILLIAM C.
MAGGARD III., ANDREW M.
MAGGARD, ANDREW M.
MAGGARD, J. DANIEL
MALLAS, NICHOLAS A.
MCALLISTER, ARLEATHEA
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY L.
MILLS, EDDIE J.
MITCHELL, KEVIN J.
MORGAN, TODD V.
MORRISON, ZURI M.
MOTT, CYNTHIA
MURPHY JR., GREGORY B.
NADLER, JONATHAN K.
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN O.
NOLEN, MILTON L.
NOWIK, DENNIS W.
O'BRIAN, CHRISTOPHER M.
O'LEARY, CHRISTINE L.
PARKER, ADAM D.
PERKINS, KAREN L.
PONCINIE, RICHARD
QUINN, WILLIAM T.
RAUSER, JAYNE E.
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT P.
RICHARDSON, LEROY A.
RIVERS, MICHAEL T.
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD W.
SADLER JR., JOHN T.
SANDERS, SHAKILLA T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.

SAXON, VIRGINIA L.
SEKLECKI, CHRISTIAN G.
SELF, CURVIN O.
SHADIX JR., JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY G.
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIA E.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STATON JR., WILBUR L.
STONE, ALESIA A.
STEWART, RONNIE N.
STINYARD, KELVIN
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL T.
TUTTLE, GARRY L.
UNDERWOOD, ROBERT G.
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WATT, ROOSEVELT
WEBBER, MELINA M.
WEEKS, FRANCES M.
WEST, ERIC N.
WILLIAMS, LAVERN A.
WINKELMAN, NAN L.
WOLFE, LISA L.
WRIGHT, CHRISTOPHER K.
YESTE, JOHN D.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2019, without the necessity of an order for appointment in each individual case.

SO ORDERED, this _____ 5T day of January, 2019.

_____
Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 63546698
Case Number: 19EV003459
Date: Jul 15 2019 02:17PM
LeNora Ponzo, Chief Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

ALLISON KAHN, as Parent, Guardian, and
Next Child of MADELINE KAHN, a Minor
Child,

                                 CIVIL ACTION
                                 FILE NO. 19EV003459

    Plaintiff,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION 1-3,
and JOHN DOES 1-3,

    Defendant.

## AFFIDAVIT OF SERVICE

COMES NOW, RANDAL GEORGE, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States, he is over the age of eighteen (18), he is not a party to the suit, he is not a relative to any party in the suit, he is not a convicted felon, he is not the attorney for any party in the suit, he has no financial interest in the litigation, and he is wholly disinterested in the litigation.

Randal George states that he served **TEMPLE EMANU-EL OF GREATER ATLANTA, INC.** on July 8, 2019 at 4:28 PM at 1580 Spalding Drive, Atlanta, Georgia 30350, by serving its Office Manager Denise Jacobs, with:

    SUMMONS and COMPLAINT.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this July 10, 2019

_(signature)_

RANDAL GEORGE
1217 Woodland Avenue, N.E., #5
Atlanta, GA 30324
(404) 840-2822

_(signature)_

NOTARY PUBLIC
Sworn to and subscribed before me
this July 10, 2019
My commission expires:

                                        tflf/bg

ALLISON YOUNG
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
My Commission Expires 01/15/2023




FILED IN OFFICE STATE COURT OF FULTON COUNTY   19EX000001

JAN 1 0 2019

STATE OF GEORGIA

Administrative Order #: _____

DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

STATE COURT OF FULTON COUNTY
ATLANTA GEORGIA

ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

ALLEN, LAKEITA T.
ALVAREZ, JEFFREY F.
ANDERSON, WILLIAM J.
ANDREWS II, GENE E.
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA M.
BAKER, WANDA N.
BARNEY JR., STEVEN M.
BARRY, PAUL E.
BASHAM, JAMES S.
BASS, SUSAN D.
BENITO, RICHARD D.
BENJAMIN, TERRI T.
BENSON, JAMES K.
BOLLING, KATHERINE D.
BRAZEMAN, CRAIG P.
BRILEY, DONNIE C.
BRYANT, SHEMIKA R.
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND J.
CARITHERS, GREGORY A.
CHASTAIN, MICHAEL A.
CLEMMONS, JOYCE Y.
CLINE, TRAVIS D.
COOK, CHRISTOPHER L.
CUNNINGHAM, SALLY K.
DAMBACH-CIRKO, PATRICIAJOYCE M.
DANIELS, ALYSA C.
DANIELS, SONIA L.
DAVENPORT, ALTERICK S.
DAVIDSON, DANNY D.
DAVIDSON, MITCHELL T.
DAY, DUANE D.
DEVAUGHN, CARL L.
DOLBIER, JEFFREY A.
DREEMAN, DOUGLAS E.
DUCHON, DEBORAH A.
EARTHRISE, ROCHELLE D.
ECHOLS, ERIC D.
ECHOLS, PATRICIA I.
EDWARDS, DONNIE L.
ELLIOTT, MAURICE
EVANS, ALONZO
FAULKNER, DANA V.
FAZZIO, DEE L.

FAZZIO, DEE L.
FERRERO, AMY L.
FISHER, DAWN W.
FITZGERALD, FLORETTA
FOGLE, JOHNNY C.
FOLDS, CATHERINA P.
FOLDS, GEORGE L.
FORD, RONNIE
FOX, JUHANI A.
FRANKLIN, ANTHONY K.
FREESE, JESSICA R.
FULLER, THOMAS W.
GAYLE, EARL
GEORGE, RANDAL L.
GIBBS III., THOMAS D.
GREENWAY, KIMBERLY D.
GRIMSHAW, SHANE K.
GRUHN, TAMMIE B.
HANDLEY, WILEY D.
HARRIS, MARCUS C.
HARRIS, PARKS W.
HASSAN, MUHSIN S.
HEIMERICH, RICHARD P.
HIGHSMITH, AMOS M.
HIGHTOWER SR., ANTHONIO E.
HILL, HOLLIS J.
HINDSMAN, CHERROD T.
HORTON, CHRISTOPHER T.
HOWARD, RICKY D.
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER A.
JAMES, FRANK H.
JOHNSON, EARL C.
KAHSSU, HAILE T.
KENNEDY, RICHARD P.
KIDD, ELIZABETH A.
KIM, LEONARD S.
KING, AMOS
KIRKLAND, SHIRLEY P.
KOTLAR, MICHAEL J.
LANE, MADELINE A.
LAUSMAN, MARSHA C.
LAYTON, ERIC B.
LETTS, WILLIAM E.

LEWIS, KEVIN J.
LOBIN, JEROME W.
LOUIS, CLYDE A.
LUTWACK, WILLIAM C.
MAGGARD III., ANDREW M.
MAGGARD, ANDREW M.
MAGGARD, J. DANIEL
MALLAS, NICHOLAS A.
MCALLISTER, ARLEATHEA
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY L.
MILLS, EDDIE J.
MITCHELL, KEVIN J.
MORGAN, TODD V.
MORRISON, ZURI M.
MOTT, CYNTHIA
MURPHY JR., GREGORY B.
NADLER, JONATHAN K.
NEALEY, CEDRIC E.
NICHOLS, JEAN G.
NICHOLS, LATHAN O.
NOLEN, MILTON L.
NOWIK, DENNIS W.
O'BRIAN, CHRISTOPHER M.
O'LEARY, CHRISTINE L.
PARKER, ADAM D.
PERKINS, KAREN L.
PONCINIE, RICHARD
QUINN, WILLIAM T.
RAUSER, JAYNE E.
REDDICK, DEREK L.
REID, CLETIS A.
RHODES, KATHRYN D.
RICE, ROBERT P.
RICHARDSON, LEROY A.
RIVERS, MICHAEL T.
ROBERTSON, BRAD D.
ROBERTSON, MARLENA G.
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD W.
SADLER JR., JOHN T.
SANDERS, SHAKILLA T.
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.

SAXON, VIRGINIA L.
SEKLECKI, CHRISTIAN G.
SELF, CURVIN O.
SHADIX JR., JIMMY P.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN W.
SINGLETON, WESLEY G.
SMITH JR., BRUCE R.
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIA E.
SNELLINGS, SHARON E.
SPEARS, JOYE L.
STANTON, CHRISTOPHER S.
STARKS, MARC A.
STATON JR., WILBUR L.
STONE, ALESIA A.
STEWART, RONNIE N.
STINYARD, KELVIN
STONE, RODNEY D.
SWINDLE, FRANK L.
TAMAROFF, PAUL K.
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TRUMBLE, GARFIELD L.
TUCKER, PAUL T.
TUTTLE, GARRY L.
UNDERWOOD, ROBERT G.
VELASQUEZ, JULIUS O.
WASHINGTON, SABRINA A.
WATT, ROOSEVELT
WEBBER, MELINA M.
WEEKS, FRANCES M.
WEST, ERIC N.
WILLIAMS, LAVERN A.
WINKELMAN, NAN L.
WOLFE, LISA L.
WRIGHT, CHRISTOPHER K.
YESTE, JOHN D.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2019, without the necessity of an order for appointment in each individual case.

SO ORDERED, this __1 ST__ day of January, 2019.

_____
Chief Diane E. Bessen, Fulton County State Court

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 64197360
Case Number: 19EV003459
Date: Sep 12 2019 01:56PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian,
and Next Friend of MADELINE KAHN,
a Minor Child,

     Plaintiff,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ
CORPORATION 1-3, and JOHN DOES
13,

     Defendants.

Civil Action File No: 19EV003459

## DEFENDANT UNION FOR REFORM JUDAISM'S
## ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Union for Reform Judaism ("URJ"), stating that discovery has not yet

commenced and without the benefit of same, files its Answer and Defenses to Plaintiffs'

Complaint respectfully showing the Court as follows:

### FIRST DEFENSE

Plaintiffs may not recover against this Defendant because it breached no legal duty owed

to Plaintiffs.

### SECOND DEFENSE

Plaintiffs may not recover against this Defendant because no act or omission of this

Defendant was the proximate cause of the injuries complained of by Plaintiffs.

### THIRD DEFENSE

Plaintiff Alison Kahn's Complaint fails to state claim against this Defendant for which

relief may be granted.

**FOURTH DEFENSE**

This Defendant asserts its right of apportionment according to the provisions of O.C.G.A. § 51-12-33(b).

**FIFTH DEFENSE**

Plaintiffs may only recover against this Defendant based on its percentage of fault, if any, according to the provisions of O.C.G.A. § 51-12-31.

**SIXTH DEFENSE**

Plaintiffs may not recover against this Defendant on behalf of her minor child because Plaintiff's minor child failed to exercise ordinary care for her own safety.

**SEVENTH DEFENSE**

Plaintiffs may not recover against this Defendant because Plaintiff's minor child's negligence exceeded the negligence, if any, of this Defendant.

**EIGHTH DEFENSE**

Plaintiffs' alleged damages, if any, were directly and proximately caused by Plaintiff's minor child's own contributory and comparative negligence and failure to exercise ordinary care for her own safety.

**NINTH DEFENSE**

Plaintiffs may not recover against this Defendant because Plaintiff's minor child assumed the risk of injury in the instant case.

**TENTH DEFENSE**

Plaintiff Alison Kahn cannot recover from this Defendant because her claims are barred by the statute of limitations for failure to timely perfect service.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred based on the defense of release and waiver.

## TWELFTH DEFENSE

Plaintiff Alison Kahn cannot recover from this Defendant because her claims are barred by the doctrine of laches for failure to timely perfect service.

## THIRTEENTH DEFENSE

Venue is improper as to Defendant URJ.

## FOURTEENTH DEFENSE

This Defendant raises the defense of insufficiency of service of process.

## FIFTEENTH DEFENSE

Plaintiffs may not recover special damages against this Defendant based on their failure to plead same as required by O.C.G.A. § 9-11-9(g).

## SIXTEENTH DEFENSE

This Defendant asserts the defense of charitable immunity.

## SEVENTEENTH DEFENSE

In further response to Plaintiffs' Complaint, this Defendant responds as follows:

## PARTIES, JURISDICTION & VENUE

1.

Defendant URJ admits that it is an Ohio corporation with its principal place of business located at 633 Third Avenue, New York, New York. This Defendant admits that service may be perfected through its registered agent, CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. This Defendant admits that it did not maintain a registered agent for service in the State of Georgia. This Defendant denies that jurisdiction and venue are proper in Fulton County, Georgia. All remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint not specifically responded to are denied.

2.

This Defendant can neither admit nor deny the allegations of Paragraph 2 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of the matter asserted, and therefore, places Plaintiffs upon strict proof of same.

3.

Defendant URJ admits that Defendant URJ owned, operated, and controlled the premises where the incident allegedly occurred.  Defendant URJ denies that Defendant Temple Emanu-el of Greater Atlanta, Inc., ("Defendant Temple Emanu-el") owned, operated, or controlled the premises where the incident allegedly occurred.

4.

Defendant URJ denies allegations of negligence contained in Paragraph 4 of Plaintiffs' Complaint.  This Defendant can neither admit nor deny the remaining allegations of Paragraph 4 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of the matter asserted, and therefore, places Plaintiffs upon strict proof of same.

## **FACTUAL BACKGROUND**

5.

Defendant URJ admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Defendant URJ admits that Defendant URJ owned, operated, and controlled the premises on or about July 3, 2017.  Defendant URJ denies that Defendant Temple Emanu-el owned, operated, or controlled the premises on or about July 3, 2017.

7.

The allegations contained in Paragraph 7 seek a legal conclusion and are thereby denied.

Defendant URJ denies that Defendant Temple Emanu-el owned, operated, or controlled the

premises where the incident allegedly occurred.

8.

Defendant URJ denies it was negligent.  Defendant URJ denies that Defendant Temple

Emanu-el owned, operated, or controlled the premises where the incident allegedly occurred.

The remaining allegations in Paragraph 8 call for legal conclusions and are thereby denied.

9.

Defendant URJ denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Defendant URJ denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendant URJ denies allegations of negligence contained in Paragraph 11 of Plaintiffs'

Complaint.  Defendant URJ denies that Defendant Temple Emanu-el owned, operated, or

controlled the premises where the incident allegedly occurred.  This Defendant can neither admit

nor deny the remaining allegations of Paragraph 11 of Plaintiffs' Complaint for lack of sufficient

information to form a belief as to the truth of the matter asserted, and therefore, places Plaintiffs

upon strict proof of same.

12.

Defendant URJ denies it was negligent and that Defendant Temple Emanu-el owned,

operated, or controlled the premises where the incident allegedly occurred, and therefore denies

the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant URJ denies it was negligent and that Defendant Temple Emanu-el owned, operated, or controlled the premises where the incident allegedly occurred, and therefore denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

## COUNT 1 - NEGLIGENCE

14.

Defendant URJ re-alleges and incorporates by reference its affirmative defenses and specific responses contained in paragraphs 1 through 13 of this Answer as if fully set forth herein.

15.

Defendant URJ objects to Paragraph 15 to the extent it is overly broad, vague, and ambiguous when referencing "at all relevant times" as this phrase is not defined.  Defendant URJ admits it owned, operated, and controlled the premises at the time of the alleged incident. Defendant URJ denies that Defendant Temple Emanu-el owned, operated, or controlled the premises where the incident allegedly occurred.

16.

Defendant URJ denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint, including subparagraphs (a) through (c).

17.

Defendant URJ denies it was negligent and that Defendant Temple Emanu-el owned, operated, or controlled the premises where the incident allegedly occurred, and therefore denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant URJ denies it was negligent and that Defendant Temple Emanu-el owned, operated, or controlled the premises where the incident allegedly occurred, and therefore denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

## COUNT 2 – NEGLIGENT HIRING, TRAINING, and RETENTION

19.

Defendant URJ re-alleges and incorporates by reference its affirmative defenses and specific responses contained in paragraphs 1 through 18 of this Answer as if fully set forth herein.

20.

Defendant URJ denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant URJ denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant URJ denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant URJ denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendant URJ denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendant URJ denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendant URJ denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

## COUNT 3 – ATTORNEY'S FEES AND EXPENSES

27.

Defendant URJ re-alleges and incorporates by reference its affirmative defenses and specific responses contained in paragraph 1 through 26 of this Answer as if fully set forth herein.

28.

Defendant URJ denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendant URJ denies that Plaintiffs are entitled to the relief sought in their prayer for relief in their Complaint, including subparagraphs (A) through (E).

30.

All other allegations in Plaintiffs' Complaint not otherwise hereinbefore responded to are denied.

WHEREFORE having fully answered, Defendant URJ respectfully requests that the instant civil action be inquired into and dismissed with costs assessed against the Plaintiffs.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 12th day of September, 2019.

DREW ECKL & FARNHAM, LLP

/s/ Alisha A. Dickie
Matthew A. Nanninga, Georgia Bar No. 159070
Alisha A. Dickie, Georgia Bar No. 641474
Attorneys for Defendant Union for Reform Judaism

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
adickie@deflaw.com

9086755/1
00593-148690

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a copy of the within and

foregoing **Defendant Union for Reform Judaism's Answer and Defenses to Plaintiffs'**

**Complaint** with the Clerk of State Court of Fulton County by using File & ServeXpress which

will send e-mail notification of such filing to the following attorneys of record:

> Kyle A. Ference, Esq.
> The Fry Law Firm
> 1720 Peachtree Street, NW, Suite 500
> Atlanta, GA  30309

This 12th day of September, 2019.


> /s/ Alisha A. Dickie
> _____
> Matthew A. Nanninga, Georgia Bar No. 159070
> Alisha A. Dickie, Georgia Bar No. 641474
> *Attorneys for Defendant Union for Reform Judaism*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
adickie@deflaw.com

9086755/1
00593-148690

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 64571332
Case Number: 19EV003459
Date: Jan 02 2020 02:39PM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child,**

        **Plaintiff,**

**v.**

**UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOES 1-3,**

        **Defendants.**

**CIVIL ACTION FILE**

**NO.  19EV003459**

---

### ENTRY OF APPEARANCE AND SUBSTITUTION OF COUNSEL OF KIMBERLY DeWITT MOWBRAY

      COME NOW Kimberly DeWitt Mowbray of The Fry Law Firm and enter their appearance and substitution of counsel on behalf of the above-named Plaintiff in place of Kyle A. Ference. All future notices and pleadings in this case should be served on Plaintiff through her counsel of record at the below address:

        Kimberly DeWitt Mowbray, Esq.
        THE FRY LAW FIRM
        1720 Peachtree Street, NW
        Suite 500
        Atlanta, Georgia 30309
        kimberly@thefrylawfirm.com

      Respectfully submitted, this 2nd day of January 2020,

The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
kimberly@thefrylawfirm.com

*/s/ Kimberly DeWitt Mowbray*
_____
KIMBERLY DeWITT MOWBRAY
State Bar of Georgia #567798
*Attorneys for Plaintiff*

## <u>CERTIFICATION OF SERVICE</u>

I have this day served counsel for all parties in the above referenced action with a copy of **ENTRY OF APPEARANCE AND SUBSTITUTION OF COUNSEL OF KIMBERLY DeWITT MOWBRAY** by electronic service and by placing same in the United States Mail, postage prepaid, addressed as follows:

Alisha A Dickie
Drew, Eckl & Farnham, LLP
303 Peachtree Street NE
Suite 3500
Atlanta GA 30308


This <u>2</u>nd day of January 2020.

The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
kimberly@thefrylawfirm.com

*/s/ Kimberly DeWitt Mowbray*
_____
KIMBERLY DeWITT MOWBRAY
State Bar of Georgia #567798
*Attorneys for Plaintiff*

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 64670305
Case Number: 19EV003459
Date: Jan 29 2020 03:37PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian,
and Next Friend of MADELINE KAHN,
a Minor Child,

       Plaintiff,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ
CORPORATION 1-3, and JOHN DOES
13,

       Defendants.

Civil Action File No: 19EV003459

**DEFENDANT UNION FOR REFORM JUDAISM'S MOTION TO DISMISS PLAINTIFF
ALLISON KAHN'S CLAIMS BASED ON LACHES AND FAILURE TO MAKE
TIMELY SERVICE OF PROCESS**

Defendant Union for Reform Judaism moves this Court to dismiss Plaintiff Allison

Kahn's claims with prejudice.  This Motion is based upon the allegations contained in Plaintiff's

Complaint, the Brief filed in support of this Motion, and all other filings of record.

Respectfully submitted this 29th day of January, 2020.

DREW ECKL & FARNHAM, LLP

/s/  Matthew A. Nanninga
John P. Reale, Georgia Bar No. 597262
Matthew A. Nanninga, Georgia Bar No. 159070
Alisha A. Dickie, Georgia Bar No. 641474
*Attorneys for Defendant Union for Reform Judaism*

303 Peachtree Street N.E., Suite #3500
Atlanta, Georgia  30308
(404) 885-1400
realej@deflaw.com
nanningam@deflaw.com
dickiea@deflaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a copy of the within and

foregoing **Defendant Union for Reform Judaism's Motion to Dismiss Plaintiff Allison**

**Kahn's Claims Based on Laches and Failure to Make Timely Service of Process** with the

Clerk of State Court of Fulton County by using File & ServeXpress which will send e-mail

notification of such filing to the following attorneys of record:

> Randy Fry, Esq.
> Kimberly Mowbray, Esq.
> Rishi D. Pattni, Esq.
> The Fry Law Firm
> 1720 Peachtree Street, NW, Suite 500
> Atlanta, GA  30309

This 29th day of January, 2020.

> */s/  Matthew A. Nanninga*
> John P. Reale, Georgia Bar No. 597262
> Matthew A. Nanninga, Georgia Bar No. 159070
> Alisha A. Dickie, Georgia Bar No. 641471
> *Attorneys for Defendant Union for Reform Judaism*

303 Peachtree Street N.E., Suite #3500
Atlanta, Georgia  30308
(404) 885-1400
realej@deflaw.com
nanningam@deflaw.com
dickiea@deflaw.com

9309552/1
00593-148690

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 64670305
Case Number: 19EV003459
Date: Jan 29 2020 03:37PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian,
and Next Friend of MADELINE KAHN,
a Minor Child,

       Plaintiff,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ
CORPORATION 1-3, and JOHN DOES
13,

       Defendants.

Civil Action File No: 19EV003459

### DEFENDANT UNION FOR REFORM JUDAISM'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF ALLISON KAHN'S CLAIMS BASED ON LACHES AND FAILURE TO MAKE TIMELY SERVICE OF PROCESS

Defendant Union for Reform Judaism files this Brief in Support of Its Motion to Dismiss Plaintiff Allison Kahn's Claims Based on Laches and Failure to Make Timely Service of Process, showing the Court as follows:

### INTRODUCTION

On July 1, 2019, Plaintiff Allison Kahn filed a lawsuit in this Court against Defendant Union for Reform Judaism ("URJ") and Temple Emanu-el of Greater Atlanta, Inc. (the "Temple"). Allison Kahn alleges that on or about July 3, 2017, her daughter, Madeline Kahn sustained injuries at Camp Coleman, a summer camp owned and operated by URJ, when she fell off a mountain bike during a sanctioned activity. URJ was not served with process until August 13, 2019, more than 40 days after the statute of limitations expired.

URJ contends that Allison Kahn is guilty of laches and her Complaint should be dismissed with prejudice for failing to perfect service on all Defendants within the Statute of Limitations or the five-day grace period provided by Georgia law.

## STATEMENT OF FACTS

On July 1, 2019, Allison Kahn filed her Complaint against URJ and the Temple for injuries her daughter, Madeline Kahn, sustained while riding a mountain bike at Camp Colemen on July 3, 2017.  (See Pl.'s Compl.)  The statute of limitations for Allison Kahn's claims related to this July 3, 2017 accident was July 3, 2019.  Allison Kahn utilized a process server in order to expeditiously serve the Summons and Complaint on the Temple, which was served on July 8, 2019.  (See Affidavit of Service, 1 and 2, filed July 15, 2019.)

Allison Kahn, however, did not use a process server to serve URJ. (See Franklin County Sheriff's Office Aff. of Service, filed August 23, 2019.)  Instead, she opted to serve URJ via sheriff's service.  (See Franklin County Sheriff's Office Aff. of Service.)  URJ was not served with the Summons and Complaint until August 13, 2019 – 43 days after the lawsuit was filed. URJ was served through its professional registered agent, CT Corporation System, located in Columbus, Ohio.  (See Franklin County Sheriff's Office Aff. of Service.)  Allison Kahn knew the service address for URJ at the time of filing her Complaint.  (See Pl.'s Compl. ¶ 1.)

## ARGUMENT AND CITATION OF AUTHORITY

For personal injuries in Georgia, "actions for injuries to the person shall be brought within two years after the right of action accrues."  See O.C.G.A. § 9-3-33.  However, O.C.G.A. § 9-11-4(c) provides plaintiffs with a five-day grace period to serve a defendant, so long as the Complaint is filed within the applicable statute of limitations.  The five-day grace period begins to run when the person making such service receives the summons and complaint. Id.  "When a

complaint is filed within the limitations period but service is perfected after the limitations period ends, service relates back to the time of filing so as to avoid the limitation as long as service is *timely* perfected." Arias v. Cameron, 776F.3d 1262, 1269 (11th Cir. 2015) (citing Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 316 (2014)) (emphasis added).  "[T]he relation back of the service to the date of filing is dependent upon the diligence by the plaintiff in perfecting service." Giles, 330 Ga. App. at 318.

When the summons and complaint are not served on the defendant within the five-day grace period, plaintiff has the burden to show that he exercised due diligence. Walker v. Hoover, 191 Ga. App. 859, 860 (1989).  "The [plaintiff] [has] the burden of showing that they exercised due diligence in obtaining service *as quickly as possible* after the expiration of the limitation period." Parker v. Silviano, 284 Ga. App. 278, 279 (2007) (emphasis added).  A plaintiff "cannot excuse her lack of diligence by attempting to place responsibility on others." Walker, 191 Ga. App. at 860.  In measuring whether diligence was exercised, the court will focus on the plaintiff's actions, not that of the defendant. Ingraham v. Marr, 246 Ga. App. 445, 447 (2000). If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation. Brumbalow v. Fritz, 183 Ga. App. 231, 232 (1987), *overruled to the extent it misstates the rule governing the calculation of the five-day grace period embodied in O.C.G.A. § 9-11-4(c)* by Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314 (2014).

Because process was not served on URJ until 43 days after the filing of the Summons and Complaint, Allison Kahn did not exercise due diligence in obtaining service as quickly as possible after the expiration of the limitation period.

3

Allison Kahn has the burden to demonstrate that she exercised due diligence in serving process on URJ. However, as the record stands, it is URJ's position that she failed to exercise due diligence in obtaining service on URJ as quickly as possible after the expiration of the limitation period, and Allison Kahn's claims against URJ should therefore be dismissed. Allison Kahn knew the address for URJ's registered agent on the date that she filed her Complaint. (Pl.'s Compl. ¶ 1.) Upon information and belief, Allison Kahn made only one service attempt on URJ. (See Franklin County Sheriff's Office Aff. of Service.) The only service attempt was made on August 13, 2019, more than 40 days after the expiration of the two-year limitations period and the filing of the Complaint. (See Franklin County Sheriff's Office Aff. of Service.) The delay in service appears to be well outside the five-day grace period afforded by Georgia law, and absent evidence to the contrary, Allison Kahn did not exercise due diligence to ensure that URJ was served as quickly as possible after the expiration of the limitation period.

Interestingly, on July 1, 2019, Allison Kahn elected to serve the Temple through a private process server. (Aff. of Service.) The Temple was served expeditiously thereafter on July 8, 2019. (Aff. of Service.) Notably, however, Allison Kahn did not serve URJ in the same manner. (See Franklin County Sheriff's Office Aff. of Service.) Instead, Allison Kahn relied on the Franklin County, Ohio, sheriff's office to serve URJ. (Franklin County Sheriff's Office Aff. of Service.) Ultimately, URJ was not served process until August 13, 2019 – 43 days after Allison Kahn filed her Complaint and 36 days after service on the Temple. (Franklin County Sheriff's Office Aff. of Service; Aff. of Service.) Simply stated, Allison Kahn failed to exercise due diligence in obtaining service on URJ *as quickly as possible* after the expiration of the limitation period. Because she failed to exercise due diligence to ensure that URJ was served as quickly as

4

possible <u>after</u> the expiration of the limitation period, Allison Kahn is guilty of laches and her claims should be dismissed.

The burden is on Allison Kahn to come forward with specific dates and details to show why service of process occurred outside the five-day grace period and to show that she used due diligence in serving URJ as quickly as possible after the expiration of the limitation period. Allison Kahn is guilty of laches and her claims should be dismissed with prejudice for failing to perfect service on URJ within the statute of limitations, or the five-day grace period provided by O.C.G.A. § 9-11-4(c). If she cannot meet this burden, she is guilty of laches and her claims should be dismissed with prejudice.

Respectfully submitted this 29th day of January, 2020.

DREW ECKL & FARNHAM, LLP

*/s/  Matthew A. Nanninga*

John P. Reale, Georgia Bar No. 597262
Matthew A. Nanninga, Georgia Bar No. 159070
Alisha A. Dickie, Georgia Bar No. 641471
*Attorneys for Defendant Union for Reform Judaism*

303 Peachtree Street N.E., Suite #3500
Atlanta, Georgia  30308
(404) 885-1400
realej@deflaw.com
nanningam@deflaw.com
dickiea@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a copy of the within and

foregoing **Defendant Union for Reform Judaism's Brief in Support of Its Motion to Dismiss**

**Plaintiff Allison Kahn's Claims Based on Laches and Failure to Make Timely Service of**

**Process** with the Clerk of State Court of Fulton County by using File & ServeXpress which will

send e-mail notification of such filing to the following attorneys of record:

> Randy Fry, Esq.
> Kimberly Mowbray, Esq.
> Rishi D. Pattni, Esq.
> The Fry Law Firm
> 1720 Peachtree Street, NW, Suite 500
> Atlanta, GA  30309

This 29th day of January, 2020.


> */s/  Matthew A. Nanninga*
> John P. Reale, Georgia Bar No. 597262
> Matthew A. Nanninga, Georgia Bar No. 159070
> Alisha A. Dickie, Georgia Bar No. 818459
> *Attorneys for Defendant Union for Reform Judaism*


DREW, ECKL & FARNHAM, LLP
303 Peachtree Street N.E., Suite #3500
Atlanta, Georgia  30308
(404) 885-1400
realej@deflaw.com
nanningam@deflaw.com
dickiea@deflaw.com

9309587/1
00593-148690

6

State Court of Fulton County
**E-FILED**
19EV003459
2/3/2020 4:26 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child,<br><br>      Plaintiff,<br><br>v.<br><br>UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOES 1-3,<br><br>      Defendants. | CIVIL ACTION FILE<br><br>NO. 19EV003459 |

## DISMISSAL WITHOUT PREJUDICE

COME NOW Plaintiff Allison Kahn as Parent, Guardian and Next Friend of Madeline Kahn, a minor child, and hereby dismiss the present lawsuit against Defendants *without* prejudice.

Respectfully submitted, this 3th day of February 2020.


The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
kimberly@thefrylawfirm.com
rishi@thefrylawfirm.com

           _/s/ Rishi D. Pattni_____
           KIMBERLY D. MOWBRAY
           Georgia Bar No. 567798
           RISHI D. PATTNI
           Georgia Bar No. 995396

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child,<br><br>        **Plaintiff,**<br><br>v.<br><br>UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOES 1-3,<br><br>        **Defendants.** | CIVIL ACTION FILE<br><br>NO. 19EV003459 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties in the above-referenced action with a copy of the forgoing *DISMISSAL WITHOUT PREJUDICE* by electronically filing the same with the Court and via US Mail:

Alisha A Dickie, Esq
Drew, Eckl & Farnham, LLP
303 Peachtree Street NE
Suite 3500
Atlanta GA 30308

Respectfully submitted, this 3th day of February 2020.

                                       */s/ Rishi D. Pattni*
                                       KIMBERLY D. MOWBRAY

The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
kimberly@thefrylawfirm.com
rishi@thefrylawfirm.com

                                       Georgia Bar No. 567798
                                       RISHI D. PATTNI
                                       Georgia Bar No. 995396

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian, and
Next Friend of MADELINE KAHN, a
Minor Child,

      Plaintiffs,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION
1-3, and JOHN DOES 1-3,

      Defendants.

Civil Action File No:   20EV002281

**ALL PLEADINGS FILED**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65583267
Date: Apr 16 2020 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior or** ☒ **State Court of** FULTON _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

KAHN, ALLISON  as Parent, Guardian

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

and Next Friend of MADELINE KAHN,A Minor Child

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Union for Reform Judaism

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Temple of Emanu-el of Greater Atlanta, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

XYZ Corporation 1-3

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

JOHN DOE 1-3

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** RANDY E. FRY          **Bar Number** 278799          **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Dissolution/Divorce/Separate Maintenance
☐ Family Violence Petition
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

☐ Contempt
☐ Non-payment of child support, medical support, or alimony
☐ Modification
☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

19EV003459                    _____
**Case Number**                 **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65583267
Date: Apr 16 2020 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

KAHN, ALLISON  as Parent, Guardian
_____
and Next Friend of MADELINE KAHN,A Minor Child
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

TEMPLE EMANU-EL OF GREATER ATLANTA
_____
C/O GEORGE M. FOX/4788 LONG ISLAND DRIVE
ATLANTA   GEORGIA   30342
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. | 19EV003459 |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: THE FRY LAW FIRM/ RANDY FRY

Address: 1720 PEACHTREE ST NW SUITE 500

City, State, Zip Code: ATLANTA, GA 30309        Phone No.: 404-969-1284

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65583267
Date: Apr 16 2020 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

KAHN, ALLISON  as Parent, Guardian
and Next Friend of MADELINE KAHN,A Minor Child

Plaintiff's Name, Address, City, State, Zip Code

vs.

Union for Reform Judaism

C/O CT CORPORATION SYSTEM/ 4400 EASTON COMMONS WAY

SUITE 125   COLUMBUS  OHIO  43219

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. | 19EV003459 |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: THE FRY LAW FIRM/ RANDY FRY

Address: 1720 PEACHTREE ST NW SUITE 500

City, State, Zip Code: ATLANTA, GA 30309      Phone No.: 404-969-1284

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
 Served, this _____ day of _____, 20_____.      _____
                                                                       DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65583267
Date: Apr 16 2020 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child, | CIVIL ACTION FILE |
| Plaintiff, | NO. _____ |
| v. | (JURY TRIAL DEMANDED) |
| UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOES 1-3, | |
| Defendants. | |

## COMPLAINT

COMES NOW ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child (hereinafter "Plaintiff") in the above-styled renewal action, by and through undersigned counsel, and files this Complaint against Defendants UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOE 1-3, showing this Honorable Court as follows:

PARTIES, JURISDICTION, & VENUE

(1)

This is a renewal action filed pursuant to O.C.G.A. § 9-2-61. The original action was filed July 1, 2019 in the State Court of Fulton County and styled Allison Kahn, as Parent, Guardian, and Next Friend of Madeline Kahn, a Minor Child vs. Union For Reform Judaism, Temple Emanu-El of Greater Atlanta, Inc., XYZ Corporations 1-3, and John Does 1-3, Civil Action File Number 19EV003459. Plaintiff voluntarily dismissed the original action without prejudice on February 3, 2020. All costs in the original action have been paid. This renewal action is being filed within six months of Plaintiff voluntarily dismissing the original action. Thus, all requirements for a valid renewal action set forth in O.C.G.A. § 9-2-61 have been satisfied.

(2)

Defendant UNION FOR REFORM JUDAISM (hereinafter "Defendant URJ") is an Ohio corporation with its principal place of business located at 633 Third Avenue, New York, New York, 10017. Service upon Defendant URJ may be perfected through its registered agent, CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. In the alternative, Defendant URJ has failed to either maintain a registered office or to appoint a registered agent for service in the State of Georgia and, as such, Defendant URJ may be served in accordance with O.C.G.A. § 9-11-4(e)(1)(A). Jurisdiction and venue are appropriate in this Court as to Defendant URJ.

(3)

Defendant TEMPLE EMANU-EL OF GREATER ATLANTA, INC. (hereinafter "Defendant TEMPLE EMANU-EL") is a domestic corporation with its principal place of business located at 1580 Spalding Drive, Atlanta, Georgia 30350, is authorized to transact business in the State of Georgia, and is subject to the jurisdiction of this Court. Service upon Defendant TEMPLE EMANU-EL may be perfected through its registered agent, George M. Fox, located at 4788 Long Island Drive NE, Atlanta, Georgia 30342. Jurisdiction and venue are appropriate in this Court as to Defendant TEMPLE EMANU-EL.

(4)

The above-styled action stems from an incident that took place on premises owned, operated, and/or controlled by Defendants URJ and/or TEMPLE EMANU-EL. Should it be determined that another corporation or entity owned, operated, and/or controlled said premises at the time of the subject incident, Plaintiff hereby names Defendants XYZ CORPORATION 1-3. The identity of Defendants XYZ CORPORATION 1-3 is presently unknown.

(5)

The above-styled action stems from an incident involving certain individuals whose individual or collective negligence gave rise to the injuries and damages described herein. As the identity of said individual(s) is presently unknown, Plaintiff hereby names Defendants JOHN DOE 1-3.

## FACTUAL BACKGROUND

(6)

On or about July 3, 2017, Plaintiff's minor child, MADELINE KAHN (hereinafter the "Minor Child"), was an attendee of Camp Coleman, a summer camp located at 201 Camp Coleman Drive, Cleveland, Georgia 30528, which was owned, operated, and/or controlled by Defendants URJ and/or TEMPLE EMANU-EL.

(7)

On or about July 3, 2017, the Minor Child was an invitee on the premises of Camp Coleman and in the care and custody of Defendants URJ and/or TEMPLE EMANU-EL. As such, Defendants owed a duty of ordinary care to Plaintiff and the Minor Child to keep its premises and approaches safe and to take reasonable steps to protect the Minor Child against injury.

(8)

On or about July 3, 2017, an unknown individual was responsible for training and supervising the Minor Child with respect to a mountain biking activity at Camp Coleman. Leading up to, and at the time of, the subject incident, said individual was acting within the course and scope of his employment with Defendant URJ and/or Defendant TEMPLE EMANU-EL. As a result, Defendant URJ and/or Defendant TEMPLE EMANU-EL are vicariously liable for the negligence acts of said individual pursuant to the doctrine of *respondeat superior*.

(9)

On or about July 3, 2017, the Minor Child, while in the care and custody of Defendants URJ and/or TEMPLE EMANU-EL, was permitted and directed by operate a mountain bike on dangerous terrain without consideration of the Minor Child's ability and without adequately training the Minor Child for such an activity.

(10)

Upon information and belief, Defendants URJ and/or TEMPLE EMANU-EL had actual and/or constructive knowledge of the inherent risks associated with the Minor Child being permitted to operate a mountain bike on dangerous terrain at the location where the incident occurred.

(11)

On or about July 3, 2017, as a result of the negligence of Defendants URJ and/or TEMPLE EMANU-EL, the Minor Child sustained severe physical and emotional injuries when the mountain bike she was operating careened down a steep hill towards a wall of trees at the bottom of the hill resulting in a violent crash.

(12)

As a direct and proximate result of Defendants URJ and/or TEMPLE EMANU-EL's negligence, the Minor Child incurred special damages which include, but which may not be limited to, past and future medical expenses, educational accommodation expenses, and other necessary expenses. To date, the minor child has incurred $43,925.58 in past medical expenses and $1,427.65 in other necessary expenses.

(13)

As a direct and proximate result of Defendants URJ and/or TEMPLE EMANU-EL's negligence, the Minor Child has incurred general damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, and permanent scarring.

COUNT 1 – NEGLIGENCE

(14)

Plaintiff incorporates by reference Paragraphs 1 through 13 of her Complaint as if explicitly re-stated herein.

(15)

At all relevant times, the premises of the summer camp located at 201 Camp Coleman Drive, Cleveland, Georgia 30528 were owned, operated, and/or controlled by Defendants URJ and/or TEMPLE EMANU-EL.

(16)

Defendants URJ and/or TEMPLE EMANU-EL's negligent acts and/or omissions include, but are not limited to, the following:

(a) Failing to adequately train the Minor Child with respect to mountain biking prior to permitting the Minor Child to operate a mountain bike upon dangerous terrain;

(b) Permitting the Minor Child to operate a mountain bike on terrain that they knew, or should have known, represented a hazardous condition to someone of the Minor Child's age, experience, and skillset; and

(c) Failing to take precautions, including, but not limited to, erecting safety barriers at the location where the subject incident occurred, despite prior actual and/or constructive knowledge of the extant hazardous conditions.

(17)

As a direct and proximate result of Defendants URJ and/or TEMPLE EMANU-EL's negligence, the Minor Child incurred special damages which include, but which may not be limited to, past and future medical expenses, educational accommodation expenses, and other necessary

expenses. To date, the minor child has incurred $43,925.58 in past medical expenses and $1,427.65 in other necessary expenses.

(18)

As a direct and proximate result of Defendants URJ and/or TEMPLE EMANU-EL's negligence, the Minor Child has incurred general damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, and permanent scarring.

<u>COUNT 2 – NEGLIGENT HIRING, TRAINING, and RETENTION</u>

(19)

Plaintiff incorporates by reference Paragraphs 1 through 18 of her Complaint as if explicitly re-stated herein.

(20)

Defendants URJ and/or TEMPLE EMANU-EL were negligent in hiring the aforementioned individual and entrusting him to train and supervise the Minor Child with respect to mountain biking activities.

(21)

Defendants URJ and/or TEMPLE EMANU-EL were negligent in failing to properly train the aforementioned individual with respect to supervising and caring for persons with the age, experience, and skillset of the Minor Child.

(22)

Defendants URJ and/or TEMPLE EMANU-EL were negligent in failing to discharge the aforementioned individual prior to the subject incident involving the Minor Child.

(23)

Defendants URJ and/or TEMPLE EMANU-EL were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of its invitees, including the Minor Child.

(24)

Defendants URJ and/or TEMPLE EMANU-EL's negligence in hiring the aforementioned individual, entrusting him/her with the care and supervision of the Minor Child, and failing to properly train and supervise him/her proximately caused the Minor Child's injuries and damages.

(25)

As a direct and proximate result of Defendants URJ and/or TEMPLE EMANU-EL's negligence, the Minor Child incurred special damages which include, but which may not be limited to, past and future medical expenses, educational accommodation expenses, and other necessary expenses. To date, the minor child has incurred $43,925.58 in past medical expenses and $1,427.65 in other necessary expenses.

(26)

As a direct and proximate result of Defendants URJ and/or TEMPLE EMANU-EL's negligence, the Minor Child has incurred general damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, and permanent scarring.

<u>COUNT 3 – ATTORNEY'S FEES AND EXPENSES</u>

(27)

Plaintiff incorporates by reference Paragraphs 1 through 26 of her Complaint as if explicitly re-stated herein.

(28)

Defendants' actions have exhibited bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover her necessary expenses of

litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as pursuant any other applicable statutory or common law basis.

WHEREFORE, Plaintiff prays that this Honorable Court award the following relief against Defendants:

(A)   That process be issued;

(B)   That reasonable damages be granted to Plaintiff and against Defendants for past, present, and future general and special damages;

(C)   That Plaintiff recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as pursuant to any other applicable statutory or common law basis;

(D)   That all costs of this action be cast against Defendants; and

(E)   Such further relief as the Court deems just and proper.

Respectfully submitted, this 16th day of April 2020,

The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
kimberly@thefrylawfirm.com

*/s/ Randal E. Fry*
_____
RANDAL E. FRY
State Bar of Georgia #278799
KIMBERLY DeWITT MOWBRAY
State Bar of Georgia #567798
*Attorneys for Plaintiff*

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65583267
Date: Apr 16 2020 12:00AM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. _____ |
| UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOES 1-3, | |
| Defendants. | |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing all parties in the above referenced action to be served with a copy of **PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** by a duly-authorized server of process:

| | |
|---|---|
| Union Reform for Judaism | Temple Emanu-El |
| *(Defendant)* | *(Defendant)* |
| c/o CT Corporation System | c/o George M. Fox |
| 4400 Easton Commons Way, Suite 125, | 4788 Long Island Drive NE |
| Columbus, Ohio 43219 | Atlanta, Georgia 30342 |

Respectfully submitted, this 16th day of April 2020,

The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
kimberly@thefrylawfirm.com

*/s/ Randal E. Fry*

_____
RANDAL E. FRY
State Bar of Georgia #278799
KIMBERLY DeWITT MOWBRAY
State Bar of Georgia #567798
*Attorneys for Plaintiff*

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65595852
Case Number: 20EV002281
Date: Apr 23 2020 12:24PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian, and
Next Friend of MADELINE KAHN, a
Minor Child,

       Plaintiffs,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION
1-3, and JOHN DOES 1-3,

       Defendants.

Civil Action File No:   20EV002281

## PLAINTIFFS AND DEFENDANT UNION FOR REFORM JUDAISM ACKNOWLEDGMENT OF SERVICE AND STIPULATION TO RESPOND OR ANSWER PURSUANT TO O.C.G.A. § 9-11-6(b)

Plaintiffs and Defendant Union for Reform Judaism, by and through their undersigned counsel, hereby files this Acknowledgment of Service and Stipulation to Respond or Answer Pursuant to O.C.G.A. § 9-11-6(b), showing the Court as follows:

On April 16, 2020, Plaintiffs re-filed a lawsuit in this Court against Defendant Union for Reform Judaism (hereinafter "URJ").   URJ hereby acknowledges due and legal service of Plaintiffs' Complaint filed in the above-styled action and the Summons in the above-styled case and hereby waive any and all further notice, service, and issuance of process.   URJ retains all defenses and objections to the lawsuit, including to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Pursuant to O.C.G.A. § 9-11-6(b), the parties hereby stipulate that URJ shall have up to and including **June 15, 2020**, to answer or otherwise respond to Plaintiffs' Complaint without waiver of any defenses or objections.   The parties further stipulate that Defendant URJ shall have

up to and including **June 30, 2020**, to answer or otherwise respond to Plaintiff's First Continuing Interrogatories and First Request for Production of documents, served with Plaintiff's Complaint, without waiver of any defenses or objections.

      Respectfully submitted this 23rd day of April, 2020.

                        DREW ECKL & FARNHAM, LLP

                        */s/ Matthew A. Nanninga*
                        Matthew A. Nanninga
                        Georgia Bar No. 159070
                        Alisha A. Dickie
                        Georgia Bar No. 641474
                        303 Peachtree Street N.E., Suite #3500
                        Atlanta, Georgia 30308
                        (404) 885-1400
                        nanningam@deflaw.com
                        dickiea@deflaw.com
                        *Attorneys for Defendant Union for Reform Judaism*

                        **Consented to by:**

                        THE FRY LAW FIRM

                        */s/ Randal E. Fry*
                        Randal E. Fry
                        Georgia Bar No. 278799
                        Kimberly DeWitt Mowbray
                        Georgia Bar No.  567798
                        [*signed by Matthew A. Nanninga  w/ express permission*]
                        1720 Peachtree Street, NW, Suite 500
                        Atlanta, GA  30309
                        (404) 969-1284
                        randy@thefrylawfirm.com
                        kimberly@thefrylawfirm.com
                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a copy of the within and foregoing **Plaintiffs and Defendant Union for Reform Judaism Acknowledgment of Service and Stipulation to Respond or Answer Pursuant to O.C.G.A. § 9-11-6(b)** with the Clerk of State Court of Fulton County by using File & ServeXpress which will send e-mail notification of such filing to the following attorneys of record:

> Randal E. Fry, Esq.
> Kimberly DeWitt Mowbray
> The Fry Law Firm
> 1720 Peachtree Street, NW, Suite 500
> Atlanta, GA  30309

This 23rd day of April, 2020.

> /s/ Matthew A. Nanninga
> Matthew A. Nanninga, Georgia Bar No. 159070
> Alisha A. Dickie, Georgia Bar No. 641474
> *Attorneys for Defendant Union for Reform Judaism*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
adickie@deflaw.com

9717531/1
00593-148690

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65657961
Case Number: 20EV002281
Date: May 26 2020 05:39PM
LeNora Ponzo, Chief Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

**ALLISON KAHN, as Parent, Guardian, and**
**Next Friend of MADELINE KAHN, a Minor**
**Child,**
                                               **CIVIL ACTION**
                                               **FILE NO. 20EV002281**

**Plaintiff,**

**v.**

**UNION FOR REFORM JUDAISM, TEMPLE**
**EMANU-EL OF GREATER ATLANTA,**
**INC., XYZ CORPORATION 1-3, and JOHN**
**DOES 1-3,**

**Defendants,**

### AFFIDAVIT OF SERVICE

COMES NOW, RANDAL GEORGE, before the undersigned officer duly authorized to administer oaths and states that he is a citizen of the United States, he is over the age of eighteen (18), he is not a party to the suit, he is not a relative to any party in the suit, he is not a convicted felon, he is not the attorney for any party in the suit, he has no financial interest in the litigation, and he is wholly disinterested in the litigation.

Randal George states that he served **TEMPLE EMANU-EL OF GREATER ATLANTA, INC.** on May 14, 2020 at 1:03 PM by serving its registered agent George M. Fox, at 4788 Long Island Drive NE, Atlanta, Georgia 30342 with:

SUMMONS; COMPLAINT AND JURY DEMAND PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; RULE 5.2 CERTIFICATE OF SERVICE and GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM

I certify under penalty of perjury that the foregoing is true and correct.

Executed this May 22, 2020

RANDAL GEORGE
4164 Indian Trace
Lilburn, GA 30047
(404) 840-2822

NOTARY PUBLIC
Sworn to and subscribed before me
This May 22, 2020
My commission expires:

ALLISON YOUNG
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
My Commission Expires 01/15/2023

tflf/bg

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65694931
Case Number: 20EV002281
Date: Jun 12 2020 10:44AM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian, and
Next Friend of MADELINE KAHN, a
Minor Child,

      Plaintiffs,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION
1-3, and JOHN DOES 1-3,

      Defendants.

Civil Action File No:  20EV002281

## DEFENDANT UNION FOR REFORM JUDAISM'S
## ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Union for Reform Judaism ("URJ"), files its Answer and Defenses to

Plaintiffs' Complaint respectfully showing the Court as follows:

### FIRST DEFENSE

Plaintiffs may not recover against this Defendant because it breached no legal duty owed

to Plaintiffs.

### SECOND DEFENSE

Plaintiffs may not recover against this Defendant because no act or omission of this

Defendant was the proximate cause of the injuries complained of by Plaintiffs.

### THIRD DEFENSE

This Defendant asserts its right of apportionment according to the provisions of O.C.G.A.

§ 51-12-33(b).

## FOURTH DEFENSE

Plaintiffs may only recover against this Defendant based on its percentage of fault, if any, according to the provisions of O.C.G.A. § 51-12-31.

## FIFTH DEFENSE

Plaintiffs may not recover against this Defendant because Madeline Kahn failed to exercise ordinary care for her own safety.

## SIXTH DEFENSE

Plaintiffs may not recover against this Defendant because Madeline Kahn's negligence exceeded the negligence, if any, of this Defendant.

## SEVENTH DEFENSE

Plaintiffs' alleged damages, if any, were directly and proximately caused by Madeline Kahn's own contributory and comparative negligence and failure to exercise ordinary care for her own safety.

## EIGHTH DEFENSE

Plaintiffs may not recover against this Defendant because Madeline Kahn assumed the risk of injury in the instant case.

## NINTH DEFENSE

Plaintiffs' claims are barred based on the defense of release and waiver.

## TENTH DEFENSE

Venue is improper as to Defendant URJ.

## ELEVENTH DEFENSE

This Defendant asserts the defense of charitable immunity.

## TWELFTH DEFENSE

In further response to Plaintiffs' Complaint, this Defendant responds as follows:

## PARTIES, JURISDICTION & VENUE

1.

Defendant can neither admit nor deny the allegations of Paragraph 1 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of the matter asserted, and therefore, places Plaintiffs upon strict proof of same.

2.

Defendant URJ admits that it is an Ohio corporation with its principal place of business located at 633 Third Avenue, New York, New York.  This Defendant admits that service may be perfected through its registered agent, CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.  This Defendant admits that it did not maintain a registered agent for service in the State of Georgia.  This Defendant denies that jurisdiction and venue are proper in Fulton County, Georgia.  All remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint not specifically responded to are denied.

3.

This Defendant can neither admit nor deny the allegations of Paragraph 3 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of the matter asserted, and therefore, places Plaintiffs upon strict proof of same.

4.

Defendant URJ admits that it owned, operated, and controlled the premises where the incident allegedly occurred.  Defendant URJ denies that Defendant Temple Emanu-el of Greater Atlanta, Inc., ("Defendant Temple Emanu-el") owned, operated, or controlled the premises where the incident allegedly occurred.  All remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint not specifically responded to are denied

- 3 -

5.

Defendant URJ denies allegations of negligence contained in Paragraph 5 of Plaintiffs' Complaint.  This Defendant can neither admit nor deny the remaining allegations of Paragraph 5 of Plaintiffs' Complaint for lack of sufficient information to form a belief as to the truth of the matter asserted, and therefore, places Plaintiffs upon strict proof of same.  This Defendant denies allegations of negligence that may be contained in Paragraph 5 of Plaintiffs' Complaint.

**FACTUAL BACKGROUND**

6.

Defendant admits that Madeline Kahn attended summer camp at Camp Coleman on or about July 3, 2017.  Defendant URJ admits that it owned, operated, and controlled the premises on or about July 3, 2017.  Defendant URJ denies that Defendant Temple Emanu-el owned, operated, or controlled the premises on or about July 3, 2017.

7.

The allegations contained in Paragraph 7 seek a legal conclusion and are thereby denied. Defendant URJ denies that Defendant Temple Emanu-el owned, operated, or controlled the premises where the incident allegedly occurred.

8.

This Defendant admits the supervisor of the mountain biking activity was acting in the course and scope of his employment with this Defendant.  However, Defendant URJ denies the supervisor or Defendant URJ were negligent and therefore are not liable for Plaintiffs' alleged damages.  Defendant URJ denies that Defendant Temple Emanu-el owned, operated, or controlled the premises where the incident allegedly occurred. The remaining allegations in Paragraph 8 call for legal conclusions and are thereby denied.

- 4 -

9.

Defendant URJ denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Defendant URJ denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendant URJ denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendant URJ denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant URJ denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

## COUNT 1 - NEGLIGENCE

14.

Defendant re-alleges and incorporates by reference its affirmative defenses and all specific responses and preceding paragraphs contained above as if fully set forth herein.

15.

Defendant URJ objects to Paragraph 15 to the extent it is overly broad, vague, and ambiguous when referencing "at all relevant times" as this phrase is not defined. Defendant URJ admits it owned, operated, and controlled the premises at the time of the alleged incident. Defendant URJ denies that Defendant Temple Emanu-el owned, operated, or controlled the premises where the incident allegedly occurred.

16.

Defendant URJ denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint, including subparagraphs (a) through (c).

17.

Defendant URJ denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant URJ denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

## COUNT 2 – NEGLIGENT HIRING, TRAINING, and RETENTION

19.

Defendant re-alleges and incorporates by reference its affirmative defenses and all specific responses and preceding paragraphs contained above as if fully set forth herein.

20.

Defendant URJ denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant URJ denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant URJ denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant URJ denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendant URJ denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendant URJ denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendant URJ denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

## COUNT 3 – ATTORNEY'S FEES AND EXPENSES

27.

Defendant re-alleges and incorporates by reference its affirmative defenses and all specific responses and preceding paragraphs contained above as if fully set forth herein.

28.

Defendant URJ denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendant URJ denies that Plaintiffs are entitled to the relief sought in their prayer for relief in their Complaint, including subparagraphs (A) through (E).

30.

All other allegations in Plaintiffs' Complaint not otherwise hereinbefore responded to are denied.

WHEREFORE having fully answered, Defendant URJ respectfully requests that the instant civil action be inquired into and dismissed with costs assessed against the Plaintiffs.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 12th day of June, 2020.

DREW ECKL & FARNHAM, LLP

*/s/ Matthew A. Nanninga*
John P. Reale, Georgia Bar No. 597262
Matthew A. Nanninga, Georgia Bar No. 159070
Alisha A. Dickie, Georgia Bar No. 641474
*Attorneys for Defendant Union for Reform Judaism*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
jreale@deflaw.com
mnanninga@deflaw.com
adickie@deflaw.com
9858827/1
00593-148690

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a copy of the within and

foregoing **Defendant Union for Reform Judaism's Answer and Defenses to Plaintiffs'**

**Complaint** with the Clerk of State Court of Fulton County by using File & ServeXpress which

will send e-mail notification of such filing to the following attorneys of record:

> Randal E. Fry, Esq.
> Kimberly DeWitt Mowbray, Esq.
> The Fry Law Firm
> 1720 Peachtree Street, NW, Suite 500
> Atlanta, GA  30309

This 12th day of June, 2020.

> /s/ Matthew A. Nanninga
> _____
> John P. Reale, Georgia Bar No. 597262
> Matthew A. Nanninga, Georgia Bar No. 159070
> Alisha A. Dickie, Georgia Bar No. 641474
> *Attorneys for Defendant Union for Reform Judaism*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
jreale@deflaw.com
mnanninga@deflaw.com
adickie@deflaw.com

9858827/1
00593-148690

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65701621
Case Number: 20EV002281
Date: Jun 16 2020 12:58AM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child, | CIVIL ACTION FILE |
| Plaintiff, | NO.  20EV002281 |
| v. | |
| UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOES 1-3, | |
| Defendants. | |

### STIPULATION EXTENDING THE TIME WITHIN WHICH THE DEFENDANT TEMPLE EMANU-EL OF GREATER ATLANTA, INC. MAY FILE THEIR ANSWER TO THE PLAINTIFF'S COMPLAINT AND RESPONSES TO DISCOVERY

COMES NOW the plaintiff, by and through their counsel, and extends the time in which the defendant, Temple of Emanu-El of Greater Atlanta, Inc., may file their answer or other responsive pleadings in the above-styled case until July 6, 2020 and extends the time to file their discovery responses, including responses to requests for admissions.

Respectfully submitted, this 16th day of June 2020,

The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
kimberly@thefrylawfirm.com

*/s/ Randal E. Fry*
_____
RANDAL E. FRY
State Bar of Georgia #278799
KIMBERLY DeWITT MOWBRAY
State Bar of Georgia #567798
*Attorneys for Plaintiff*

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65736160
Case Number: 20EV002281
Date: Jun 30 2020 03:15PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian, and
Next Friend of MADELINE KAHN, a
Minor Child,

      Plaintiffs,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION
1-3, and JOHN DOES 1-3,

      Defendants.

Civil Action File No:   20EV002281

## <u>RULE 5.2 CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of **Defendant Union for Reform**

**Judaism's Responses and Objections to Plaintiff's First Continuing Interrogatories and**

**Requests for Production of Documents** upon all parties concerned by emailing a true copy

thereof to each counsel of record as follows:

> Randal E. Fry, Esq.
> Kimberly DeWitt Mowbray, Esq.
> The Fry Law Firm
> 1720 Peachtree Street, NW, Suite 500
> Atlanta, GA  30309
> randy@thefrylawfirm.com
> kimberly@thefrylawfirm.com

This 30th day of June, 2020.

/s/ Matthew A. Nanninga

Matthew A. Nanninga, Georgia Bar No. 159070
*Attorney for Defendant Union for Reform Judaism*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
adickie@deflaw.com

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65753042
Case Number: 20EV002281
Date: Jul 08 2020 01:14PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian, and
Next Friend of MADELINE KAHN, a
Minor Child,

      Plaintiffs,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION
1-3, and JOHN DOES 1-3,

      Defendants.

Civil Action File No:   20EV002281

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the following:

1. **Defendant Union for Reform Judaism's First Interrogatories to Plaintiff Allison Kahn**; and

2. **Defendant Union for Reform Judaism's First Request for Production of Documents to Plaintiff Allison Kahn,**

upon all parties concerned by emailing a true copy thereof to each counsel of record as follows:

      Randal E. Fry, Esq.
      Kimberly DeWitt Mowbray, Esq.
      The Fry Law Firm
      1720 Peachtree Street, NW, Suite 500
      Atlanta, GA  30309
      randy@thefrylawfirm.com
      kimberly@thefrylawfirm.com

This 8th day of July, 2020.

      /s/ Alisha A. Dickie
      Alisha A. Dickie, Georgia Bar No. 641474
      *Attorneys for Defendant Union for Reform Judaism*

Drew Eckl & Farnham, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
adickie@deflaw.com

9918383/1
00593-148690

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65826373
Case Number: 20EV002281
Date: Aug 05 2020 05:58PM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALLISON KAHN, as Parent, Guardian, and Next Friend of MADELINE KAHN, a Minor Child, | CIVIL ACTION FILE |
| Plaintiff, | NO.  20EV002281 |
| v. | |
| UNION FOR REFORM JUDAISM, TEMPLE EMANU-EL OF GREATER ATLANTA, INC., XYZ CORPORATION 1-3, and JOHN DOES 1-3, | |
| Defendants. | |

## STIPULATION EXTENDING THE TIME WITHIN WHICH THE DEFENDANT TEMPLE EMANU-EL OF GREATER ATLANTA, INC. MAY FILE THEIR ANSWER TO THE PLAINTIFF'S COMPLAINT AND RESPONSES TO DISCOVERY

COMES NOW the plaintiff, by and through her undersigned counsel, and extends the time in which defendant, Temple of Emanu-El of Greater Atlanta, Inc., may file its answer or other responsive pleadings in the above-styled case through and including September 9, 2020, and extends the time to serve its responses to plaintiff's first interrogatories and requests for production of documents to defendants through and including September 24, 2020.

Respectfully submitted, this 5th day of August 2020,

The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
kimberly@thefrylawfirm.com

/s/ Randal E. Fry
_____

RANDAL E. FRY
State Bar of Georgia #278799
KIMBERLY DeWITT MOWBRAY
State Bar of Georgia #567798
*Attorneys for Plaintiff*

**State Court of Fulton County**
**\*\*E-FILED\*\***
**20EV002281**
**9/9/2020 2:24 PM**
**LeNora Ponzo, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian, and
Next Friend of MADELINE KAHN, a
Minor Child,

      Plaintiffs,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION
1-3, and JOHN DOES 1-3,

      Defendants.

Civil Action File No:  20EV002281

## NOTICE OF SUBSTITUTION OF COUNSEL

Defendant Union for Reform Judaism hereby gives the court and parties notice that Robert A. Quinn, of Drew Eckl & Farnham, LLP is hereby substituting and replacing Alisha A. Dickie, of Drew Eckl & Farnham, LLP, as counsel for Defendant Union for Reform Judaism.

The court and parties are respectfully requested to direct all future filings and correspondence to Robert A. Quinn.

Respectfully submitted this 9th day of September, 2020.

DREW ECKL & FARNHAM LLP

/s/  Robert A. Quinn
Robert A. Quinn, Georgia Bar No. 473668
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
Telephone:  (404) 885-1400
Email: quinnr@deflaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **Notice of Substitution of Counsel** upon all parties concerned by electronically filing with the Clerk of the State Court of Fulton County by using Odyssey eFileGA which will send e-mail notification of such filing to the following attorney(s) of record:

Randal E. Fry
Kimberly DeWitt Mowbray
The Fry Law Firm
1720 Peachtree Street, NW, Suite 500
Atlanta, GA  30309

This 9th day of September, 2020.

*/s/  Robert A. Quinn*
Robert A. Quinn, Georgia Bar No. 473668

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, GA 30308
Telephone:  (404) 885-1400
Email: quinnr@deflaw.com

State Court of Fulton County
**E-FILED**
20EV002281
9/22/2020 10:13 AM
LeNora Ponzo, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALLISON KAHN, as Parent, Guardian, and
Next Friend of MADELINE KAHN, a
Minor Child,

           Plaintiff,

v.

UNION FOR REFORM JUDAISM,
TEMPLE EMANU-EL OF GREATER
ATLANTA, INC., XYZ CORPORATION
1-3, and JOHN DOES 1-3,

           Defendants.

CIVIL ACTION FILE

NO. 20EV002281

---

## VOLUNTARY DISMISSAL OF FEWER THAN ALL DEFENDANTS WITHOUT PREJUDICE

Plaintiff Alllison Kahn as parent, guardian and next friend of Madeline Kahn, a minor voluntarily dismisses fewer than all of the defendants in the above style action without prejudice, specifically, only defendant Temple Emanu-El of Greater Atlanta, Inc. ("Temple Emanu-El"). This dismissal is filed before Temple Emanu-El answered plaintiff's complaint and joined issue. All other defendants shall remain parties to this action. The style of this case shall now be "*Allison Kahn, as Parent, Guardian, and Next Friend of Madeline Kahn, a Minor Child v. Union for Reform Judaism, XYZ Corporation 1-3, and John Does 1-3.*"

This 22nd day of September, 2020.

                    **THE FRY LAW FIRM**

                    /s Randal E. Fry
                    RANDAL E. FRY
                    State Bar of Georgia #278799
                    KIMBERLY DeWITT MOWBRAY
                    State Bar of Georgia #567798

                    Counsel for Plaintiff

1720 Peachtree Street, NW, Suite 500
Atlanta, GA 30309

Consented to by:

**FREEMAN MATHIS & GARY, LLP**

/s Wayne S. Melnick
WAYNE S. MELNICK
State Bar of Georgia #501267
JANEEN E. SMITH
State Bar of Georgia #377429

Counsel for Defendant Temple
Emanu-El of Greater Atlanta, Inc.

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
(770) 818-0000
wmelnick@fmglaw.com
jasmith@fmglaw.com

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing all parties in the above referenced action to be served with a copy of this *Voluntary Dismissal of Fewer than All Defendants Without Prejudice* via Odyssey e-file system:

Union Reform for Judaism
c/o CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, Ohio 43219

Randal E. Fry
Kimberly DeWitt Mobray
1720 Peachtree Street, NW, Suite 500
Atlanta, GA 30309

This 22nd day of September, 2020.

**FREEMAN MATHIS & GARY, LLP**

/s Wayne S. Melnick
WAYNE S. MELNICK
State Bar of Georgia #501267
JANEEN E. SMITH
State Bar of Georgia #377429

Counsel for Defendant Temple
Emanu-El of Greater Atlanta, Inc.

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
(770) 818-0000
wmelnick@fmglaw.com
jasmith@fmglaw.com

16975535